

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-18-2006

# Greb v. Postmaster General

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3718

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Greb v. Postmaster General" (2006). *2006 Decisions.* Paper 1253.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1253

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3718
_____

Susan Q. Greb
                    Appellant

v.

John E. Potter, Postmaster General, United States Postal Service

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 02-cv-03346)
District Judge: Honorable Garrett E. Brown
On Appeal From the United States District Court
_____

Submitted Under Third Circuit LAR 34.1(a)
April 14, 2006

Before:   BARRY, STAPLETON AND GREENBERG,  Circuit Judges.

(Filed   April 18, 2006)

_____

OPINION
_____

PER CURIAM

        Susan Greb appeals pro se the order of the District Court granting summary

judgment to the defendants, the Postmaster General and the United States Postal Service.

For the reasons that follow, we will affirm.[1]

<h1 style="text-align:center">I</h1>

Because we write primarily for the parties, we will relate the essential facts only. Greb alleges that: her supervisor, Horace Bonaparte, had a formal discussion with her for not accepting overtime duty; Bonaparte denied several requests to speak with union representatives; Bonaparte criticized her (and no one else) for waiting in the hallway before punching out; Bonaparte made fun of her last name and refused to call her "Mrs. Greb"; she was questioned by postal inspectors about a threatening letter that Bonaparte received at work; Bonaparte required only women employees to tell him when going to the bathroom, and threw gloves on her desk when she refused to say "I need to go to the bathroom" (Greb preferred to say "I need to wash my hands"); when informed about Bonaparte's conduct regarding the bathroom breaks, Charles LaTerra, the Postmaster, said that "it was his opinion that the women in [her office] are spoiled"; Bonaparte yelled at her (and no one else) for conversing with co-workers; and Bonaparte told her to sit in a chair for an indefinite time after she told him of a medical condition that precluded her from working on the machine to which he had assigned her. She ended up having chest pains and was taken away in an ambulance.

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de novo, using the same standards as the District Court. Lucent Info. Mgmt., Inc. v. Lucent Tech. Inc., 186 F.3d 311, 315 (3d Cir. 1999). All factual doubts and inferences are viewed in the light most favorable to the non-moving party. Antol v. Perry, 82 F.3d 1291, 1294-95 (3d Cir. 1996).

After this last incident, Greb did not return to work and, through counsel, filed the underlying complaint. She alleges unlawful discrimination, hostile work environment, and constructive discharge based on disability, race, and sex discrimination. We will affirm the judgment of the District Court essentially for the reasons given in its opinion.

## II

To make a prima facie case of discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*. Greb must show that she has a disability, is otherwise qualified to do the job with or without reasonable accommodations, and that she was terminated or prevented from doing the job. Shiring v. Runyon, 90 F.3d 827, 831 (3d Cir. 1996). Under the Act, a disability is any impairment that substantially limits at least one major life activity. Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 195 (2002). To prove a disability, an individual must offer evidence that the limitation, in terms of her own experiences, is substantial. Id. at 198. The EEOC regulations define a substantial limitation as a significant restriction in a major life activity "as compared to . . . the average person in the general population." Id. at 195-96; 29 C.F.R. § 1630.2(j) (2001).

Greb does not meet this standard. She points to medical records that show her arms are each impaired by about 20% so she cannot reach above her shoulders and that she is limited to four hours of intermittent keyboarding per day. These limitations resulted in some restrictions on tasks that Greb performed as a clerk for the Postal Service. However, a limited-duty position status does not itself confer disability status. Colwell v. Suffolk County Police Dept., 158 F.3d 635, 646-47 (2nd Cir. 1998). Greb can

3

point to no substantial restrictions on anything that could qualify as a "major life activity" such as walking, caring for oneself, or performing manual tasks. See 29 C.F.R. § 1630.2(I).

Although Greb contends that she has some trouble bathing, dressing, reaching, lifting, sleeping, and maintaining personal hygiene without assistance, she did not provide the District Court with any way to assess the severity of these limitations, such as testimony from a doctor. In fact, besides a reference to "impairment of sleep," none of these limitations are mentioned in the medical reports she presented to the court. Although a court looks at facts in the light most favorable to the plaintiff on a defendant's motion for summary judgment, we agree with the District Court that this vague and unsupported assertion of other limitations cannot withstand summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 243 (1986) (a court on a motion for summary judgment can decide that the evidence "is so one-sided that one party must prevail as a matter of law"); Nieves v. Hess Oil Virgin Islands Corp., 819 F.2d 1237, 1252 (3d Cir. 1987) (unsupported allegations and assertions do not prevent summary judgment).

On appeal, Greb submits two psychological evaluations which state that she became depressed after the last incident with Bonaparte (related above) and is no longer capable of working at the Postal Service. We are reluctant to consider her implied argument for mental disability, as it was not made to the District Court. In any case, this theory is largely undercut by her own statements in her submissions to this Court that she

4

is capable of working for the Postal Service, just not under the supervision of Bonaparte.

**III**

Greb claims that the Postal Service discriminated against her because she is a white female, in violation of Title VII of the Civil Rights Act of 1964. She also makes claims based on a hostile work environment and a constructive discharge.

In order to prevail on her discrimination claim, Greb must show that she suffered a discriminatory adverse employment action which was "serious and tangible" enough to alter the "compensation, terms, conditions, or privileges" of her employment. Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (3d Cir. 1997). Greb does not allege she was fired, demoted, or denied a promotion but rather that the incidents described above add up to discrimination. However, none of the reported incidents, though discomfiting and embarrassing, constitutes a "significant change" in employment status under our precedent. See Durham Life Ins. Co. v. Evans, 166 F.3d 139 (3d Cir. 1999) (discussion of what constitutes a significant change in employment status).

To prevail under her hostile work environment claim, Greb must show pervasive and regular discrimination based on race or sex. See Andrews v. City of Philadelphia, 895 F.2d 1469, 1482 (3d Cir. 1990). However, as the District Court concluded, Greb has not shown that any hostility in her work environment resulted from discriminatory animus. The depositions from her coworkers and the many complaints about Bonaparte's management (from both men and women) demonstrate that Bonaparte was harsh to workers of all races. One woman, Sheila Gaines, testified that, of all the workers,

5

Bonaparte singled her out for bad treatment because she was black. Other witnesses, such as Martin Johns, who had an exceedingly low opinion of Bonaparte generally, did not believe him to discriminate based on race.

As for discrimination based on sex, it is difficult to compare Greb's experiences because the only male co-worker for whom there is any useful information in the record had an entirely different job and a unique set of medical restrictions, and most of the incidents alleged by Greb do not demonstrate any discriminatory intent on their face. Nevertheless, "as this court has previously emphasized, the advent of more sophisticated and subtle forms of discrimination requires that we analyze the aggregate effect of all evidence and reasonable inferences therefrom, including those concerning incidents of facially neutral mistreatment, in evaluating a hostile work environment claim." Cardenas v. Massey, 269 F.3d 251 261-62 (3rd Cir. 2001).

The only incident that may demonstrate explicit sexual harassment is Bonaparte's refusal to allow people to go to the bathroom without explicitly saying "bathroom." He likely knew that requiring employees to say "go to the bathroom" instead of "go wash my hands" (or something similar) would be more embarrassing for women than men. Although Greb claims that Bonaparte only applied this policy to women, the District Court correctly found that Greb presented no believable evidence on this point. A couple of deponents speculated that Bonaparte was ill-disposed toward women, but no one could point to any specific conduct that would sustain the charge. As for Postmaster LaTerra's comment in response to Greb's complaint about the bathroom policy (that the women in

6

her office were "spoiled"), it would be improper to infer discriminatory intent from that comment without other any evidence of animus towards women.

Finally, we also agree with the District Court's reasons for concluding that there is no genuine issue of material fact with regard to Greb's constructive discharge claim.

Accordingly, we will affirm the judgment of the District Court.